UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 22-40026-659 |
| TERRENCE R. LEE, ) | |
| ) | Chapter 7 Proceeding |
| Debtor. ) | |

**TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION TO CONVERT TO CHAPTER 13 AND TO AUTHORIZE THE CHAPTER 7 TRUSTEE TO DISBURSE ESTATE FUNDS TO THE CHAPTER 13 TRUSTEE**

COMES NOW Charles W. Riske, trustee in bankruptcy for Terrence R. Lee, by and through the undersigned counsel and for *Trustee's Limited Objection to Debtor's Motion to Convert from Chapter 7 to Chapter 13 and to Authorize the Chapter 7 Trustee to Disburse Estate Funds to Chapter 13 Trustee* respectfully states as follows:

1. Debtor Terrence R. Lee ("Debtor") filed his voluntary individual petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), on January 6, 2022 (the "Petition Date") in the United States Bankruptcy Court for the Eastern District of Missouri (this "Court").

2. Trustee Charles W. Riske ("Trustee") is the duly appointed, qualified Chapter 7 Trustee in Debtor's bankruptcy case.

3. On April 13, 2022, the Court entered its order discharging the Debtor [Doc 14].

4. On August 2, 2022, the Court entered its *Order Granting Trustee's Emergency Motion to Compel Turnover* [Doc 21] (the "Turnover Order").

5. Per the terms of the Turnover Order, Debtor was ordered to immediately turnover to the Trustee $51,300.00 representing the life insurance proceeds received by Debtor from New York Life Insurance Company. While Debtor has partially complied with the Turnover Order by turning

over the amount of $34,000, Debtor has failed to comply with the remaining terms of the Turnover Order and still owes the bankruptcy estate $17,300.

6. In addition to the aforementioned sum, the Trustee is also holding $2,300 resulting form the liquidation of other asserts unrelated to the Turnover Order. As such, the Trustee is currently in possession of $36,300.

7. On September 2, 2022 Debtor filed his *Motion to Convert from Chapter 7 to Chapter 13 and to Authorize the Chapter 7 Trustee to Disburse Estate Funds to Chapter 13 Trustee* (the "Motion to Convert") seeking to set aside his discharge and convert his case to Chapter 13.

8. The Trustee has no objection to the discharge being set aside and no objection to the Motion to Convert. The Trustee's limited objection is that he is holding the sum of $36,300.00 in his estate trust account (less accruing banking fees) and in the event the Court grants the Motion to Convert the Trustee request that the Court order the Trustee to turn over all funds on deposit to the Chapter 13 trustee.

WHEREFORE, Trustee Charles W. Riske respectfully prays this Court enter its order granting the Motion to Convert subject to his limited objection and order the Trustee to turn over all funds on deposit to the Chapter 13 trustee and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

*/s/ Robert E. Eggmann*
ROBERT E. EGGMANN (MO #37374)
120 South Central Ave., Suite 1800
St. Louis, MO 63105
(314) 854-8600
(314) 854-8660 (fax)
ree@carmodymacdonald.com

ATTORNEY FOR CHARLES W. RISKE, TRUSTEE

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of this document was filed electronically with the United States Bankruptcy Court and has been served on the parties in interest via email by the Court's CM/ECF system as listed on the Court's Electronic Mail Notice List on this 26th day of September, 2022.

       The undersigned hereby certifies that a true and correct copy of this document was filed electronically with the United States Bankruptcy Court and has been served by first class U.S. mail, postage prepaid, on this 26th day of September, 2022, upon the following parties not served by CM/ECF:

Terrence R. Lee
1217 Nectar Dr.
St. Louis, MO 63137

                                                                            /s/ *Robert E. Eggmann*